## UNITED STATES DISTRICT COURT

__NORTHERN__ DISTRICT OF __ILLINOIS, EASTERN DIVISION__

UNITED STATES OF AMERICA

v.

MAURICE LYNELL BELL

FILED
6-2-08
JUN - 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**Under Seal**

MAGISTRATE JUDGE SCHENKIER

CRIMINAL COMPLAINT

**CASE NUMBER:**

**08CR 437**

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. Beginning no later than February 1, 2000, and continuing until on or about June 1, 2007, in __DuPage__ county, in the __Northern__ District of __Illinois__ defendant(s) did, (Track Statutory Language of Offense)

willfully fail to pay a support obligation with respect to a child who resides in a State, namely, Illinois, other than where defendant resided, namely, Arizona, and which obligation has remained unpaid for longer than two years, and which obligation is greater than $10,000;

in violation of Title __18__ United States Code, Section(s) __228(a)(3)__.

I further state that I am a(n) Special Agent, U.S. Department of Health and Human Services, Office of Inspector General, Office of Investigations and that this complaint is based on the following
Official Title

facts:

Continued on the attached sheet and made a part hereof:  __X__ Yes  ____ No

Audrey A. Hall
U.S. Department of Health and Human Services
Office of Inspector General
Office of Investigations

Sworn to before me and subscribed in my presence,

__June 2, 2008__                                at __Chicago, Illinois__
Date                                              City and State

__Sidney I. Schenkier, Presiding Magistrate Judge__
Judicial Officer

Signature of Judicial Officer

STATE OF ILLINOIS    )
                     )   SS
COUNTY OF COOK       )

## AFFIDAVIT

I, Audrey A. Hall, being duly sworn, depose and state as follows:

### BACKGROUND OF AFFIANT AND PURPOSE OF AFFIDAVIT

1. I am a Special Agent with the United States Department of Health and Human Services (DHHS), Office of Inspector General (OIG), Office of Investigations (OI). I have been so employed since June 26, 2005. My responsibilities include the investigation of criminal cases, including failure to pay legal child support obligations, in violation of Title 18, United States Code, Section 228.

2. This affidavit is based on my personal knowledge, on information furnished to me by other law enforcement departments/agencies, and on information obtained during the course of my investigation, including my interviews of various individuals with knowledge of the events described herein, my review of relevant documents, and my own observations.

3. This affidavit is made for the limited purpose of establishing that there is probable cause to believe that Maurice Lynell Bell has willfully failed to pay a legal child support obligation, in violation of Title 18, United States Code, Section 228(a)(3). This affidavit does not contain all of the information I know about this investigation.

## ORIGIN OF BELL'S CHILD SUPPORT OBLIGATION

4. According to the Certificate of Live Birth issued by the Cook County Department of Public Health, Individual A gave birth to a baby boy, Individual B, on October 25, 1995, at Lutheran General Hospital located in Park Ridge, Illinois.

5. According to court records, on March 20, 1996, the State of Illinois County of DuPage Circuit Court issued an Administrative Paternity Order finding Maurice Lynell Bell, Social Security number 331-XX-XXXX, and date of birth May 30, 1965, to be Individual B's father. On that same date the same court issued an Administrative Support Order requiring Bell to pay Individual A $520 per month for support of their minor child, Individual B, and found that Bell was given proper notice of the support obligation.

6. According to court records, at a hearing on October 13, 1999, which Bell attended, the State of Illinois County of DuPage Circuit Court ordered Maurice Bell, with the same Social Security number starting with "331," to pay Individual A $520 per month in ongoing child support, $104 per month to address past due arrearage, and $124.40 per month in delinquency payments. The court instructed Bell to report all payments to the Illinois Department of Healthcare and Family Services ("Family Services")[1] and to notify Family Services within seven days of obtaining new employment.

7. According to Family Services records, Bell has never made a voluntary payment to Individual A, and has never notified Family Services of a change in employment. Family Services has actively searched for Bell's employers, and, as a result of four direct

---

[1] In July of 2005, the Illinois Department of Public Aid changed its name to the Illinois Department of Healthcare and Family Services.

payments ordered by the County of Du Page Circuit Court and sporadic wage garnishment, collected a total of $15,977.03 from Bell.

8. According to Family Services records, as of April 30, 2008, Bell owed Individual A child support payments for Individual B in the amount of $75,016.01.

### INDIVIDUAL B'S RESIDENCE IN ILLINOIS

9. According to Individual A, since Individual B's birth, Individual B has resided with Individual A as follows: From his birth on October 25, 1995, to approximately April 1, 1996, Individual B lived with Individual A at 1459 Golfview Drive in Glendale Heights, DuPage County, Illinois. From approximately April 1, 1996, to the present day, Individual B has lived with Individual A at 510 Orchard Pass in Bartlett, DuPage County, Illinois.

### BELL'S OUT-OF-STATE RESIDENCE

10. As detailed in the following paragraphs, based on publicly available records provided by Accurint, LexisNexis, and ChoicePoint, and in many cases confirmed by other sources, from February 2000 through April 2008, the following five Arizona addresses were associated with Maurice Bell, with the same Social Security number starting with "331," and date of birth May 30, 1965:

11. According to publicly available records, Bell was associated with the address of 6290 S. Colonial Way in Tempe, Arizona from February 2000 to April 2001. Bell listed this address as his residence in his July 24, 2000, employment application to Acacia National Mortgage, located in Phoenix, Arizona ("Acacia Application"), and as a previous residence in his June 1, 2001, employment application to State Mortgage Corporation,

located in Scottsdale, Arizona ("State Application"). In both the Acacia and State Applications, Bell provided the same Social Security number starting with "331."

12. According to publicly available records, Bell was associated with the address of 4455 E. Paradise Village Parkway Apartment 1005 in Phoenix, Arizona, from January 2002 to June 2005. Bell listed this address as his residence in his State Application and in his April 2, 2002, employment application to KB Home, Inc., located in Phoenix, Arizona ("KB Application"). In his KB Application, Bell provided the same Social Security number starting with "331." A copy of Bell's pay stub, provided by State Mortgage Corporation, lists this address as Bell's residence.

13. According to publicly available records, Bell was associated with the address of 320 W. Brooks Street in Gilbert, Arizona from April 2004 to January 2005. This address is also listed as Bell's residence in his November 3, 2003, IRS Form W-4, provided by KB Home, Inc.

14. According to publicly available records, Bell was associated with the address of 1798 S. Longapur Lane in Higley, Arizona from March 2005 to July 2006.

15. According to publicly available records, Bell was associated with the address of 3122 E. Redwood Lane, in Phoenix, Arizona from June 2006 to April 2008. According to Arizona Department of Transportation Motor Vehicle Division, Bell provided this address as his residence in applying for an Arizona Driver's License on December 23, 2005, and listed his date of birth as May 30, 1965.

## BELL'S 2000-2007 EMPLOYMENT HISTORY

16. As detailed in the following paragraphs, according to information provided by Bell's past employers, which identifies Bell by the same Social Security number starting with "331," from 2000 through 2007 Bell was employed by several different employers, sequentially.

17. According to Bell's own representations in his Acacia Application, Bell was employed as a Resale Assistant Sales Manager for Courtesy Chevrolet in Phoenix, Arizona, from January 2000 to July 24, 2000. As mentioned above, in his Acacia Application Bell listed the same Social Security number starting with "331."

18. According to records provided by Acacia National Mortgage, Bell worked for Acacia National Mortgage from July 25, 2000, to June 20, 2001, in Phoenix, Arizona.

19. According to records provided by State Mortgage Corporation, Bell worked for State Mortgage Corporation from June 1, 2001, to March 1, 2002, in Scottsdale, Arizona. As mentioned above, in his State Application Bell listed the same Social Security number starting with "331."

20. According to records provided by KB Home, Inc., Bell worked for KB Home, Inc., from May 6, 2002, to November 14, 2003, in Phoenix, Arizona. KB Home, Inc. provided a copy of Bell's pay stub which showed that they paid Bell approximately $31,014.19 for the seven months he worked in 2002, and approximately $110,486.60, for the eleven months he worked in 2003. As mentioned above, in his KB Application Bell listed the same Social Security number starting with "331."

21. According to records provided by Kemper Mortgage, Bell worked for Kemper Mortgage from October 26, 2004, to October 13, 2005, in Tempe, Arizona. Kemper Mortgage

provided a copy of Bell's 2005 IRS Form W-2, which showed that they paid Bell approximately $110, 712.43, in 2005. In the documents provided by Kemper Mortgage, Bell lists the same Social Security number starting with "331."

## CONCLUSION

22. Based upon my experience, training and education as a Special Agent, all the foregoing constitutes probable cause to believe that Bell willfully failed to pay a known past due child support order in violation of Title 18, United States Code, Section 228, from February 2000 to June 2007.

23. It is also respectfully requested that this Court issue an order pursuant to which this affidavit and documents related to the application may be filed under seal. This affidavit relates to an ongoing investigation. Premature disclosure of the contents of the affidavit and related documents may have a negative impact on the execution of the investigation.

FURTHER AFFIANT SAYETH NOT.


_____
Audrey A. Hall, Special Agent
United States Department of Health and Human Services
 Office of Inspector General
Office of Investigations



Subscribed and sworn to before me
this 2d day of June, 2008

_____
Honorable Sidney I. Schenkier
United States Magistrate Judge

6