UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 08 CR 437 |
| | ) | |
| MAURICE LYNELL BELL | ) | Judge Matthew F. Kennelly |
| | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United

States Attorney for the Northern District of Illinois, respectfully submits the following set of

proposed jury instructions and verdict form.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:    _s/ Shoshana L. Gillers_____
SHOSHANA L. GILLERS
EDWARD KOHLER
Assistant United States Attorneys
Dirksen Federal Building
219 South Dearborn Street, Suite 500
Chicago, IL 60604
(312) 353-5300

Dated: January 5, 2009

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say to you now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

GOVERNMENT INSTRUCTION NO. 1

Seventh Circuit Committee (1999) 1.01

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

GOVERNMENT INSTRUCTION NO. 2

Seventh Circuit Committee (1999) 1.02

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

You should judge the defendant's testimony in the same way that you judge the testimony of any other witness.

GOVERNMENT INSTRUCTION NO. 3A

Seventh Circuit Committee (1999) 1.03 (Defendant testifying)

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

GOVERNMENT INSTRUCTION NO. 3B

Seventh Circuit Committee (1999) 1.03 (Defendant not testifying)

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

GOVERNMENT INSTRUCTION NO. 4

Seventh Circuit Committee (1999) 1.04

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eye witness. Circumstantial evidence is the proof of series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including circumstantial evidence, should be considered by you in reaching your verdict.

GOVERNMENT INSTRUCTION NO. 5

Seventh Circuit Committee (1999) 1.05

Certain things are not evidence. I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

GOVERNMENT INSTRUCTION NO. 6

Seventh Circuit Committee (1999) 1.06

It is proper for an attorney to interview any witness in preparation for trial.

GOVERNMENT INSTRUCTION NO. 7

Seventh Circuit Committee (1999) 1.07

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

GOVERNMENT INSTRUCTION NO. 8

Seventh Circuit Committee (1999) 1.09

The defendant is presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

GOVERNMENT INSTRUCTION NO. 9

Seventh Circuit Committee (1999) 2.03

The defendant has the absolute right not to testify.  The fact that the defendant did not testify should not be considered by you in any way in arriving at your verdict.

GOVERNMENT INSTRUCTION NO. 10

Seventh Circuit Committee (1999) 3.01 (Defendant Not Testifying)

You have received evidence of statements said to be made by the defendant to law enforcement agents.  You must decide whether the defendant did in fact make the statements.  If you find that the defendant did make the statements, then you must decide what weight, if any, you feel the statements deserves.  In making this decision, you should consider all matters in evidence having to do with the statements, including those concerning the defendant himself and the circumstances under which the statements was made.

GOVERNMENT INSTRUCTION NO. 11

Seventh Circuit Committee (1999) 3.02

You have heard evidence of acts of the defendant other than those charged in the indictment.

You may consider this evidence only on the question of knowledge, absence of mistake, and intent.

You should consider this evidence only for this limited purpose.

GOVERNMENT INSTRUCTION NO. 12

Seventh Circuit Committee (1999) 3.04

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

GOVERNMENT INSTRUCTION NO. 13

Seventh Circuit Committee (1999) 3.07

The indictment in this case is the formal method of accusing the defendant of offenses and placing the defendant on trial.  It is not evidence against the defendant and does not create any inference of guilt.

The indictment charges the defendant with willfully failing to pay a child support obligation. The defendant has pleaded not guilty to this charge.

GOVERNMENT INSTRUCTION NO. 14

Seventh Circuit Committee (1999) 2.01

The indictment charges that the offense was committed "on or about" certain dates.  The government must prove that the offenses happened reasonably close to those dates but is not required to prove that the alleged offenses happened on those exact dates.

GOVERNMENT INSTRUCTION NO. 15

Seventh Circuit Committee (1999) 4.04

To sustain the charge of willful failure to pay a child support obligation as charged in the indictment, the government must prove the following propositions:

First: that the defendant failed to pay a support obligation;

Second: that the support obligation was for a child who resided in another State;

Third: that the defendant acted willfully in failing to pay the support obligation; and,

Fourth: that the support obligation remained unpaid for a period longer than two years or was greater than $10,000.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt,  then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

GOVERNMENT INSTRUCTION NO. 16

Eleventh Circuit Pattern Criminal Jury Instructions, Offense Instruction 7 (2003) (modified)

*United States v. Fields*, 500 F.3d 1327 (11th Cir. 2007); *United States v. Namey*, 364 F.3d 843, 847 (6th Cir.2004); *United States v. Johnson*, 114 F.3d 476, 482 (4th Cir.1997).

The term "support obligation" means any amount determined under a court order or an order of an administrative process, pursuant to the law of a State, to be due from a person for the support and maintenance of a child or of a child and the parent with whom the child is living.

GOVERNMENT INSTRUCTION NO. 17

Eleventh Circuit Pattern Criminal Jury Instructions, Offense Instruction 7  (2003) (modified)

The existence of a support obligation that was in effect for the time period charged in the indictment creates a rebuttable presumption that the Defendant had the ability to pay the support obligation for that time period. A "rebuttable presumption" refers to a fact that may be assumed in the absence of evidence to the contrary.

GOVERNMENT INSTRUCTION NO. 18

Eleventh Circuit Pattern Criminal Jury Instructions, Offense Instruction 7  (2003) (modified)

An act is done "willfully" if it is done voluntarily and intentionally with the purpose of avoiding a known legal duty.

GOVERNMENT INSTRUCTION NO. 19

Seventh Circuit Committee (1999) 4.09

If you find the defendant guilty, it will then be my job to decide what punishment should be imposed.  In considering the evidence and arguments that have been given during the trial, you should not guess about the punishment.  It should not enter into your consideration or discussions at any time.

GOVERNMENT INSTRUCTION NO. 20

*United States v. Demerjian*, 98 CR 789 (Zagel, J.); *United States v. Dawson*, 92 CR 1084 (Kocoras, J.); *United States v. Lin*, 02 CR 81 (Gottschall, J.); *United States v. Trevino*, 90 CR 799 (Aspen, J.)

Upon retiring to the jury room, select one of your number as your foreperson.  The foreperson will preside over you deliberations and will be your representative here in court.

A form of verdict have been prepared for you.

[Form of verdict read.]

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the form, and each of you will sign it.

GOVERNMENT INSTRUCTION NO. 21

Seventh Circuit Committee (1999) 7.01

I do not anticipate that you will need to communicate with me.  If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the marshal.

GOVERNMENT INSTRUCTION NO. 22

Seventh Circuit Committee (1999) 7.05

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 23

Seventh Circuit Committee (1999) 7.06

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA   )
  )
  v.   )    No. 08 CR 437
  )
MAURICE LYNELL BELL   )    Judge Matthew F. Kennelly
  )

**<u>VERDICT FORM</u>**

We, the jury, find as follows as to the charge in the indictment as to defendant

MAURICE LYNELL BELL:

GUILTY   _____          NOT GUILTY   _____

_____      _____

FOREPERSON

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

                             _____
                                 DATE

## <u>CERTIFICATE OF SERVICE</u>

The undersigned Assistant United States Attorney hereby certifies that the following document:

## **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

was served on January 5, 2009, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5 and the General Order on Electronic Case Filing ("ECF") pursuant to the district court's system as to ECF filers.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:    <u>s/ Shoshana L. Gillers</u>
SHOSHANA L. GILLERS
Assistant United States Attorney
Dirksen Federal Building
219 South Dearborn Street, Suite 500
Chicago, IL 60604
(312) 353-5300

Dated: January 5, 2009